T.C. Summary Opinion 2003-59

UNITED STATES TAX COURT

ANTHONY V. AND SANDY K. MARGAVIO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1835-01S.                    Filed May 22, 2003.

Anthony V. Margavio, pro se.

<u>Linda A. Neal</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency of $2,332 in petitioners' 1998 Federal income tax. This Court must decide whether petitioners failed to include part of their pension annuity in their 1998 taxable income.

Some of the facts in this case have been stipulated and are so found. Petitioners resided in Metairie, Louisiana, at the time the petition was filed.

Mr. Margavio (petitioner) retired in May 1994 at the age of 55. Prior to his retirement, petitioner's retirement contributions totaled $34,283 (all amounts are rounded).

Petitioners timely filed a 1998 Federal income tax return. On the 1998 return, petitioners reported $32,628 on Line 16a, Total pensions and annuities, and $15,715 on Line 16b, Taxable amount.

For the taxable year 1998, the Teachers' Retirement System of Louisiana issued to petitioner a Form 1099-R (Form 1099-R), Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., which reported a gross distribution to petitioner of $32,628 and a taxable amount of $31,267.

In the notice of deficiency, respondent determined that petitioner had failed to include $15,551 ($31,266 taxable amount less the $15,715 reported by petitioners) of taxable pension annuity income on their 1998 return. We consider the $1

discrepancy between the amount of $31,267 shown on the 1998 Form 1099-R and the amount of $31,266 shown on the notice of deficiency to be de minimis.

Petitioner contends that the restrictions of section 72 did not apply to him. He asserts that he "wanted to test the envelope." Petitioner said he's "heard of people trying it and some getting away with it." He also contends he is entitled, based on his retirement contributions, to a greater tax-free portion of the 1998 pension annuity distribution.

In general, the determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden is on the taxpayer to show that the determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Petitioner does not argue the applicability of section 7491(a), and the record reflects that section 7491(a) does not apply.

Gross income generally includes income from whatever source derived, including income from pensions and annuities. Sec. 61(a)(9), (11); sec. 72(a). Section 72 provides in general that amounts received under an annuity contract are includable in gross income except to the extent that such amounts are considered to be a return of consideration paid. Specifically, section 72(a) provides that unless otherwise provided, gross income includes any amount received as an annuity.

Section 72(b), however, provides that a portion of the annuity will be excluded from gross income. In particular, gross

income does not include that part of any amount received as an annuity which bears the same ratio to such amount as the investment in the contract (as of the annuity starting date) bears to the expected return under the contract (as of such date). Sec. 72(b)(1). This ratio is referred to as the exclusion ratio. Sec. 72(b). Section 72(c), as relevant here, defines the investment in the contract to be the aggregate amount of premiums or other consideration paid for the contract. The expected return referred to above is determined by multiplying, at the commencement of the annuity, the total of the annuity payments to be received annually by a multiple based on the annuitant's age and sex. Sec. 1.72-5(a)(1), Income Tax Regs.

The application of the exclusion ratio to each annuity payment determines the amount excluded from the gross income of the annuitant and, thus, the amount is not subject to Federal income tax. This excluded amount represents that part of the annuity payment which accounts for the return of the annuitant's investment in the annuity. The exclusion ratio operates to exclude from gross income taxpayer contributions over the entire period of the annuity. Kirkland v. Commissioner, T.C. Memo. 1994-220. The tax-free portion of the pension annuity payment is computed using either the Simplified Method or the General Rule. See generally Internal Revenue Service Publication 575, Pension and Annuity Income, and Internal Revenue Service Publication 939, General Rule for Pensions and Annuities.

At trial, petitioner testified that he "didn't think the restrictions of [section] 72, in terms of how to claim that tax exempt portion, actually applied." Petitioner provided no Internal Revenue Code section or regulation or case law to support his contention that the exclusion ratio provided for in section 72 should not apply to him. Petitioner did not convince the Court that he was entitled to a greater tax-free portion of the pension annuity distribution than provided by the Form 1099-R or determined by respondent. Accordingly, we sustain respondent's determination with respect to this issue.

Petitioner also argues that his position for 1998 is correct because he treated his pension distributions the same way in 1997 and respondent did not challenge petitioner's position during an audit of 1997. We must hold that his position is without legal merit. It is well established that prior administrative determinations involving the same or related taxpayer do not preclude the Internal Revenue Service from making a contrary determination for a different year. Coors v. Commissioner, 60 T.C. 368, 406 (1973); Rose v. Commissioner, 55 T.C. 28 (1970); Meneguzzo v. Commissioner, 43 T.C. 824, 836 (1965). Petitioner is wrong on this point and, as we have held, is wrong as to the law applicable to the taxability of his pension payments.

We have considered petitioner's remaining arguments and conclude they are either irrelevant or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u> <u>for respondent</u>.